IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WANDA RICE INDIVIDUALLY AND AS, )<br>NEXT FRIEND FOR S.R., A MINOR CHILD,)<br>)<br>　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>SUMNER COUNTY BOARD OF　　　　)<br>EDUCATION　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　Defendant.　　　　　　　　　　)  | Case No. 3:14-CV-02378<br><br>JURY DEMAND |

STIPULATED PROTECTIVE ORDER

　　IT IS HEREBY STIPULATED by and between Plaintiff Wanda Rice, individually and as next friend for S.R., a minor child and Defendant Sumner County Board of Education, that personally identifiable documents and information derived from education records, protected under the Family Educational Rights and Privacy Act ("FERPA") of students who are non-parties to the above-styled matter (the "Confidential Documents and Information"), that bears significantly on the parties' claims or defenses will be disclosed or produced during the course of discovery in this litigation. THEREFORE, an Order of this Court protecting such information shall be and hereby is made by this Court on the following terms:

　　1.　　Documents, information, and discovery responses, including all designated deposition testimony, containing information protected under FERPA that is disclosed or produced by any party in this litigation are referred to as Confidential Documents and Information. All documents, information, discovery responses, or deposition testimony designated by the producing party as "Confidential" and which are disclosed or produced to the

1

attorneys for the other parties to this litigation are Confidential Documents and Information and are entitled to confidential treatment as described below.

2. Access to Confidential Documents and Information is restricted to the following persons:

a) Counsel for any of the parties and their partners, associates, and employees who are assisting in the litigation;

b) Experts and consultants retained or employed to consult with, advise, or assist counsel for any party in the preparation or trial of this litigation, provided that any such expert or consultant shall first agree in writing to abide by the terms of this Order;

c) Plaintiffs;

d) Defendants;

e) The Court and officers of the Court; and

f) Court reporters engaged by any party for depositions and individuals engaged by any party for the limited purpose of making photocopies.

3. Nothing in this Order shall be construed to authorize counsel for any party or the parties themselves to release, exchange, submit or share any Confidential Documents and Information with any other person or any other entity, other than those persons specified in Paragraph 2. Counsel shall be prepared to account for the disposition and use of the Confidential Documents and Information by those persons specified in Paragraph 2.

4. Whenever any Confidential Documents and Information are proposed to be filed in the Court record, unredacted, such filing must be done under seal, by simultaneously submitting a motion and accompanying order that includes a provision permitting the Clerk of the Court to return to counsel or destroy any sealed material at the end of the litigation.

5.  Any copies made of the Confidential Documents and Information disclosed under this Order shall be subject to the same restrictions as imposed on the original information.

6.  Upon the final termination of this litigation (either by settlement, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), counsel shall forward on any demand for Confidential Documents and Information, testimony concerning Confidential Documents and Information, or any extract, summary, or copy of such Confidential Documents and Information. Counsel is responsible under the provisions of this paragraph for the return of any Confidential Documents and Information given to any person identified in Paragraph 2.

7.  No modification or amendment of this Order is permitted except by a writing signed by counsel for the parties.

8.  The failure to insist upon full compliance with any of the terms of this Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

9.  Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated this the  26th  day of May, 2015

_____
JUDGE ALETA A. TRAUGER
United States District Judge

APPROVED FOR ENTRY:


s/ *Roland F. Mumford*                                            Date: 5/22/15
Roland F. Mumford (TN BPR #026495)
242 West Main Street
No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

*Attorneys for Plaintiffs*



s/ *Kristi W. Arth*                                               Date: 5/22/15
E. Todd Presnell (TN BPR # 17521)
Kristi Wilcox Arth (TN BPR # 30404)
BRADLEY ARANT BOULT CUMMINGS LLP
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203-0025
Tel.: (615) 252-2355
Fax: (615) 252-6355
tpresnell@babc.com
karth@babc.com

*Attorneys for Defendant, Sumner County Board of Education*